IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00272-PAB-STV

BIGBEN 1613, LLC, a Florida limited liability company,

   Plaintiff,

v.

BELCARO GROUP, INC., d/b/a ShopAtHome.com,

   Defendant.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

   This matter is before the Court on Defendant's Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration [#25] (the "Motion"), which has been referred to this Court [#26].  Plaintiff responded to the Motion on April 7, 2017 [#30], and Defendant filed a reply on April 18, 2017 [#32].  This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motion.  For the following reasons, I **GRANT** the Motion.

**I.   Background[1]**

   According to the Complaint, Defendant operates the website www.shopathome.com, which provides consumers with access to coupons and directs those consumers to online retailers as a so-called "cash back portal."  [#1 at ¶ 10]  In

---

[1] To provide background for the Motion, the Court draws facts from the allegations in Plaintiff's Complaint [#1] and the parties' briefing on the pending Motion to Compel Arbitration [#24, 28, 31].

1

exchange for directing consumers to these online retailers, the online retailers pay the cash back portal.  [*Id.* at ¶ 11]  In order to obtain cash back from Defendant, one must create an account on www.shopathome.com and purchase items by linking through www.shopathome.com to the online retailer's website.  [*Id.* at ¶ 13]

Plaintiff has maintained an account on www.shopathome.com since late 2014.  [*Id.* at ¶21]   Since that time, Plaintiff has utilized Defendant's website to make large quantities of purchases for purposes other than personal use.  [*Id.* at ¶¶ 21, 27]   On November 25, 2016, which was "Black Friday," www.shopathome.com allegedly advertised twelve percent cash back on purchases on www.walmart.com directed through www.shopathome.com.  [*Id.* at ¶ 22]  Attempting to take advantage of this offer, Plaintiff purchased approximately $5,400,000 worth of products from www.walmart.com through www.shopathome.com.   [*Id.* at ¶ 23]   As a result, Plaintiff's account on www.shopathome.com reflected a balance of at least $576,331.36 resulting from the cash back offer.  [*Id.*]

Shortly after November 25, 2016, Defendant "froze" Plaintiff's account on www.shopathome.com.  [*Id.* at ¶ 24]  In response to an inquiry from Plaintiff, Defendant notified Plaintiff that it would be seizing all of the cash back funds in Plaintiff's account because Plaintiff allegedly violated www.walmart.com's prohibition against "purchases made for resale or commercial use of any kind."  [*Id.* at 26]  Upon information and belief, Plaintiff alleges that Defendant has received or will receive funds from www.walmart.com for the purchases made by Plaintiff.  [*Id.* at ¶ 29]

On January 27, 2017, Plaintiff filed the instant lawsuit asserting the following four causes of action against Defendant:  (1) unjust enrichment, (2) conversion, (3) civil theft,

and (4) violation of the Colorado Deceptive Trade Practices Act. [#1 at 6-9] On March 8, 2017, Defendant filed its Motion to Compel Arbitration and Dismiss the Complaint (the "Motion to Compel Arbitration"). [#24] In the Motion to Compel Arbitration, Defendant argues that Plaintiff agreed to www.shopathome.com's Terms and Conditions when Plaintiff signed up for an account and that these Terms and Conditions constitute an enforceable contract between the parties. [*Id.* at 2] Defendant further argues that the Terms and Conditions include a binding arbitration clause that encompasses Plaintiff's claims and thus that the Court should compel Plaintiff to arbitrate its claims. [*Id.* at 6-9] Plaintiff responds that the arbitration clause in the Terms and Conditions is illusory and thus unenforceable. [#28 at 7-10] In the alternative, Defendant argues that each of Plaintiff's claims fails to state a viable claim and thus should be dismissed. [#24 at 9-15] The Motion to Compel Arbitration has been fully briefed [#28, 31] and is currently pending before Judge Brimmer.[2] In the instant Motion, Defendant requests that the Court stay discovery pending resolution of the Motion to Compel Arbitration.

## II. Analysis

When considering whether to grant a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *See String Cheese Incident, LLC*

---

[2] As the Motion to Compel Arbitration has not been referred to me, I express no opinion with regard to its merits.

*v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Considering these factors, the Court concludes that a stay is warranted pending resolution of the pending Motion to Compel Arbitration.

First, although the Plaintiff has an interest in proceeding expeditiously, the Motion to Compel Arbitration has been fully briefed by the parties and thus any delay resulting from the requested stay likely will be relatively short. More importantly, Plaintiff has failed to identify any specific prejudice that would befall Plaintiff as a result of any such delay. Plaintiff cites authority for the general proposition that "with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed," but Plaintiff fails to identify any specific witnesses or documents that may be affected in this case. [#30 at 4 (quoting *Wells v. Dish Network, LLC*, No. 11-CV-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011))] Instead, the key evidence in this case appears to consist entirely of internet policies and internet commercial transactions unlikely to be affected by any delay. Because Plaintiff has failed to provide any "specific examples of how [its] ability to conduct discovery might be adversely affected by a stay," the Court finds that Plaintiff's general interest in proceeding expeditiously does not overcome other factors discussed below that weigh in favor of a stay. *Stone v. Vail Resorts Dev. Co.*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010).

Second, the Court finds that proceeding with discovery would impose a burden upon Defendant. Plaintiff is correct that "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." [#30 at 4 (quoting *Wells*, 2011 WL 2516390,

4

at *1)] Here, however, significantly different standards will govern discovery depending upon whether the matter proceeds in federal court or is arbitrated. The Federal Rules of Civil Procedure allow for discovery of all nonprivileged information that is relevant to any claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Rules provide for the use of requests for production, requests for admission, interrogatories, depositions and subpoenas as a matter of course and without leave of the Court. Plaintiff does not dispute that, pursuant to the Commercial Rules of the American Arbitration Association that would apply to any arbitration between the parties, the availability of *any* discovery would be left to the arbitrator's discretion. [#25 at 5; #30 at 5] To the extent permitted, document discovery would be limited to those documents "relevant and material to the outcome of disputed issues" and depositions would be permitted only in "exceptional cases." [#25 at 5] Although Plaintiff contends that a similar argument was considered and rejected by the court in *Wells* [#5], the *Wells* decision does not expressly analyze any differences in the applicable discovery standards and discovery deadlines had already been set in the federal litigation at the time the motion to stay was brought. *Wells*, 2011 WL 2516390, at *2. Moreover, Plaintiff fails to address the decisions in this District recognizing that "requiring the parties to submit to full discovery prior to a ruling on [a motion to compel arbitration] may unnecessarily subject them to 'the very complexities, inconveniences and expenses of litigation that they determined to avoid'" by entering into an arbitration agreement. *Cook v. Pensa, Inc.*, No. 13-CV-03282-RM-KMT, 2014 WL 1660480, at *2 (D. Colo. Apr. 25, 2014) (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*,

5

357 F. Supp.2d 1277 (D.Colo.2004)). The court thus finds that this factor weighs in favor of a stay.

Third, the Court considers its own convenience. The Court recognizes the general policy in this District disfavoring a complete stay of discovery, "as the resulting delay makes the Court's docket less predictable and, hence, less manageable." *Stone*, 2010 WL 148278, at *3. However, courts have acknowledged that "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id.* Here, if successful, the Motion to Compel Arbitration would entirely dispose of the instant action either by compelling the arbitration of the matter or, in the alternative, dismissing Plaintiff's claims for failure to state a claim. Given that this proceeding is at the very early stages—with no scheduling conference having yet been conducted, the Court finds that the interests of judicial economy weigh in favor of granting the stay.[3]

The fourth factor is neutral as neither party has identified any nonparty whose interests would be impacted by the requested stay.

Finally, the Court finds that it is in the public interest to grant a stay. As courts have recognized, the public policy of both the federal government and the State of Colorado strongly favor arbitration for dispute resolution. *See, e.g., Stone*, 2010 WL 148278, at *4. Permitting discovery prior to the determination of arbitrability may serve

---

[3] The Court's decision in *Wells* is distinguishable as the Court there expressed concern that the pending motion to compel arbitration may not be resolved "within the currently set discovery deadlines" and noted that the motion had not yet been fully briefed. *Wells*, 2011 WL 2516390, at *2. Here, by contrast, no discovery deadlines have yet been set and the Motion to Compel Arbitration already is fully briefed.

6

to undermine that policy.[4] Under the specific circumstances of this case, the Court thus finds that the fifth factor weighs in favor of granting a stay.

Considering the factors set forth above, the Court determines that a stay of discovery pending a determination of the Motion to Compel Arbitration is warranted. Accordingly, it is **ORDERED** that the Motion to Stay [#25] is **GRANTED**. A status hearing is set for June 21, 2017, at 9:30 a.m.

DATED:  April 24, 2017                               BY THE COURT:

                                                                  s/Scott T. Varholak
                                                                  United States Magistrate Judge

---

[4] Indeed, Colorado has adopted a statute expressly providing for a stay pending resolution of a motion to compel arbitration. COLO. REV. STAT. § 13-22-207(6) ("If a party files a motion with the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the ordering court renders a final decision under this section.").

7